ROBERT D. EASSA (SBN: 107970)
DELIA A. ISVORANU (SBN: 226750)
**FILICE BROWN EASSA & McLEOD LLP**
1999 Harrison Street, 18th Floor
Oakland, CA 94612
Tel:  (510) 444-3131
Fax: (510) 839-7940

Attorneys for Defendants
CHEVRON CORPORATION and
ARLENE GAONA

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

### SACRAMENTO DIVISION

| | |
|---|---|
| HEIDI M. FITZER ) | CIV-S-05-0507 GEB GGH |
| ) | |
| Plaintiff, ) | STIPULATION AND ORDER |
| ) | |
| v. ) | |
| ) | |
| CHEVRON CORPORATION, ARLENE ) | |
| GAONA, AND DOES 1 THROUGH 10, ) | |
| INCLUSIVE ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |

THE PARTIES TO THIS LAWSUIT, through their respective attorneys, stipulate to the following and agree that this Order may be entered by the Court:

1.     This protective order governs the handling of Chevron Stations Inc.'s (hereinafter "CHEVRON") Personnel Guide/Handbook (hereinafter referred to as

"GUIDE") which has been marked "CONFIDENTIAL" and which is being produced in the course of formal discovery in this action.

2. The provisions of this Order shall apply to the named parties in this action as well as individuals who are non-parties.

3. The GUIDE which is being produced in the course of discovery proceedings herein shall be **confidential** and be used only for the purpose of preparing for and conducting this action (including appeals) and not for any business or other purpose whatsoever, and shall not be given, shown, or made available or communicated in any way to anyone except those specified below, to whom it is necessary that such material be given or shown for the purposes permitted under this Order.

4. Each person, other than the court or officials of the court, or the attorneys for the parties entering into this stipulation and protective order, given access to the GUIDE pursuant to the terms hereof shall, prior to being given access, A) be advised that the manual, procedures and policies are being disclosed pursuant to and subject to the terms of this Order and may not be disclosed other than pursuant to the terms hereof, B) be advised that violation of the terms of the Order (by use of the material for business purposes or in any other and impermissible manner) will constitute contempt of a court order, and C) sign and date an agreement that they have read, understand, and agree to be bound by the terms of this protective order.  A copy of each signed agreement, in the form attached hereto as <u>Exhibit A</u>, shall be forwarded to CHEVRON c/o FILICE BROWN EASSA & MCLEOD LLP, within 14 days of execution of such agreement.

5. Notwithstanding the previous paragraph, this GUIDE shall be disclosed only to: A) counsel of record for Plaintiff's and attorneys, clerical, paralegal and other staff employed by such counsel, and any independent experts or independent consultants who are assisting in the prosecution of this action and for no other purpose; B) the court or court personnel; C) witnesses at trial; D) court reporters employed in connection with this action; and E) witnesses at deposition.

6.	This order shall continue to be binding throughout and after the conclusion of this action, including any appeals.  At the conclusion of the action, the GUIDE, and all copies of same, and all documents reflecting same, shall be promptly returned by counsel for Plaintiff to counsel for CHEVRON.  However, to the extent that attorney work-product reflects, summarizes or utilizes the manual, procedures or policies, Plaintiff may, in lieu of returning such documents to CHEVRON's counsel, certify in writing to CHEVRON's counsel that such documents have been destroyed.  All briefs, pleadings, or other filings with the court which incorporate or disclose the manual, procedures or policies, or any parts thereof, may remain in the possession of the parties counsel and need not be destroyed, but shall remain subject to the terms and conditions of this order.

7.	Nothing in this order shall be construed to be, or asserted to be, a waiver by any party of that party's right to move to exclude the GUIDE or any part thereof, from being used at trial or in support of any motion or other pleading in this action.

IT IS SO STIPULATED.

DATED: August ____, 2005				MAYO & ROGERS

							By:_____
								RICHARD M. ROGERS
								Attorneys for Plaintiff
								HEIDI M. FITZER


DATED:  August ____, 2005				FILICE BROWN EASSA & McLEOD LLP

							By:_____
								ROBERT D. EASSA
								DELIA A. ISVORANU
								Attorneys for Defendants
								CHEVRON CORPORATION and
								ARLENE GAONA

IT IS HEREBY ORDERED, that the Personnel Guide/Handbook (hereinafter referred to as "GUIDE") being produced in the course of discovery proceedings entitled *Heidi M. Fitzer v. Chevron Corporation, et al.*, are confidential documents. Their use and dissemination shall be subject to the terms set forth in the parties' Stipulation and Protective Order, attached hereto and incorporated by reference. The GUIDE shall be used only for the purpose of preparing for and conducting this action (including appeals) and not for any business or other purposes whatsoever, and shall not be given, shown, or made available to any person(s) expect for purposes permitted under this order.

**IT IS SO ORDERED.**

DATED: 8/26/05

/s/ Gregory G. Hollows
_____
U.S. Magistrate Judge

## **EXHIBIT A**

I _____ acknowledge that I have read, understand, and agree to be bound by the terms of the protective order in *Heidi M. Fitzer v. Chevron Corporation, et al.*, United States District Court, Eastern District of California, Sacramento Division, Case No. 2:05-CV-00507-GEB-GGH, covering the Chevron Personnel Guide/Handbook.

In accordance with the terms of the above-mentioned Protective Order, I agree that I will not use such Personnel Guide/Handbook, or any information contained therein, for any purpose not specifically provided for in the protective order, and that violation of any provisions in the protective order constitute contempt of a court order.

DATED: _____   SIGNED: _____

fitzer507.ord